# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROMAN ILDEFONSO-CANDELARIO, | : |
| Petitioner, | : CIVIL ACTION NO. 3:16-2120 |
| v. | : (MANNION, D.J.) |
| | : (SAPORITO, M.J.) |
| CRAIG A. LOWE, Warden, *et al.*, | : |
| Respondents. | : |

## MEMORANDUM

On October 20, 2016, petitioner Roman Ildefonso-Candelario filed a petition for a writ of habeas corpus with this court pursuant to 28 U.S.C. §2241. (Doc. 1). The petitioner is a citizen of Mexico who entered the United States without inspection in 1996. On March 29, 2016, the petitioner was detained by ICE under 8 U.S.C. §1226(c) and removal proceedings were initiated against him. He was placed in custody at the York and Pike County Prisons in Pennsylvania. The petitioner claims that he has suffered an unreasonably prolonged detention during the pendency of his removal proceedings and that he has not been afforded the due process protections required by the United States Constitution. The petitioner requests that a constitutionally adequate bond hearing be conducted by this court, or in the alternative, by an Immigration Judge.

Presently pending before the court is the April 21, 2017 report and recommendation of Magistrate Judge Joseph F. Saporito, Jr, (Doc. 17),

recommending that an Immigration Judge be directed to conduct an individualized bond hearing for the petitioner and, therein, granting in part the petitioner's habeas petition. Judge Saporito's report indicates that all parties agree that the petitioner is entitled to a bond hearing at this time. On April 25, 2017, the parties jointly filed a letter indicating that there were no objections to Judge Saporito's report. (Doc. 18).

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed Judge Saporito's report as well as the applicable law and concurs with his recommendation. The clear guidance of *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Security*, 656 F.3d 222 (3d Cir. 2011) indicate that the petitioner is entitled to a bond hearing to justify his continued detention during removal proceedings. His continued detention will be justified only if it

2

is determined, on an individualized basis, that it is necessary to achieving the goals of the immigration statute, particularly, "ensuring participation in the removal process[] and protecting the community from the danger he . . . poses." *Chavez-Alvarez*, 783 F.3d at 475. It is the government's burden to show that the petitioner's continued detention is necessary to fulfill the above-referenced purposes of the detention statute. *Diop*, 659 F.3d at 233. Accordingly, the court will **ADOPT** Judge Saporito's report, (Doc. 17), in its entirety, will **GRANT IN PART** the petitioner's habeas petition, (Doc. 1), and will direct an Immigration Judge to conduct an individualized bond hearing. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 28, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-2120-01.wpd